UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80914-CIV-JIC

XAVIER DAVIS,

    Movant,

v.

THE UNITES STATES OF AMERICA,

    Respondent.

_____/

## ORDER GRANTING IN PART MOTION TO VACATE

**THIS CAUSE** is before the Court upon the Report and Recommendation of Magistrate Judge [DE 35] ("Report") submitted by United States Magistrate Judge William Matthewman regarding Movant's Final Amended 2255 Petition [DE 11] ("Motion"). The Court has reviewed the Motion, the Report, and the record in this case and is otherwise advised in the premises. No objections to the Report have been filed and the time in which to do so has expired.

On March 5, 2019, pursuant to a plea agreement, Movant entered a plea of guilty to five counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts 1, 4, 8, 10, and 12), and one count of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 13). CR-DE 36, 38.[1] He was sentenced to concurrent 66-month terms of imprisonment on Counts 1, 4, 8, 10, and 12, and a consecutive 84-month term of imprisonment on Count 13; all to be followed by concurrent 3-year terms of supervised release on all Counts. CR-DE 57. He was also

---

[1] All reference to the docket in Movant's criminal case, 18-80195-CR-JIC, shall be denoted by "CR-DE."

sentenced to repay $11,132.03 in restitution. On June 9, 2020, he submitted a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. CR-DE 58, DE 1. He amended the Motion on July 17, 2020, in compliance with the order of Magistrate Judge Lisette M. Reid. DE 11.

In the Motion, Movant asserts four grounds for vacating his sentence: (1) his counsel provided ineffective assistance by failing to file a direct appeal, (2) the Hobbs Act robbery statute is unconstitutionally vague, (3) his counsel provided ineffective assistance by failing to challenge the Government's search warrant or impeach the Government's expert witness, and (4) his counsel provided ineffective assistance by not pursuing a mental health evaluation. In accordance with Eleventh Circuit jurisprudence, the Court referred the first ground alone to Magistrate Judge William Matthewman for an evidentiary hearing, notwithstanding the appeal waiver contained in Movant's plea agreement. See Patel v. United States, 252 F. App'x 970, 973 (11th Cir. 2007) (stating that "an appeal waiver does not relieve counsel of the duty to file a notice of appeal on request" and noting that holding an evidentiary hearing is the first "essential step" in determining whether an attorney discharged his duty to advise a movant of his appellate rights).

Magistrate Judge Matthewman held a comprehensive evidentiary hearing during which he heard testimony from Movant, Movant's trial attorney, and Movant's mother. In addition, he reviewed documentary evidence. He concluded that Movant had carried his burden of showing that his mother had relayed to his attorney that he wanted to appeal his sentence, but that his attorney did not file the requested appeal. In the Report, Judge Matthewman recommends granting the Motion in part, solely with respect

to Ground One, and vacating Movant's sentence and reimposing the same sentence in order to give Movant an opportunity to appeal. Neither the Government nor the Movant has objected to the Report.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation of Magistrate Judge [DE 35] is **ADOPTED in full**.

2. The Motion [DE 11] is **GRANTED in part.**

    a. The Motion is granted with respect to Ground One only.

    b. Grounds Two, Three, and Four are **DENIED without prejudice.**

3. Movant's sentence is hereby **VACATED**, and the same sentence will be **REIMPOSED** in case number 18-80195-CR-COHN.

4. Movant will be permitted to file a direct appeal within 14 days of entry of the Amended Judgment.

5. The Clerk of Court is directed to **CLOSE** this case and **DENY as moot** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of June, 2021.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
Pro se parties via U.S. mail to address on file